No. 19,995.

SONYA H. BURSON *v.* CURTIS E. BURSON.
(369 P. [2d] 979)

Decided March 26, 1962.

Mr. FREDERICK EPSTEIN, Mr. ALEX STEPHEN KELLER, for plaintiff in error.

Mr. Stanley W. Prisner, Mr. Michael T. Vaggalis, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

Mrs. Burson sought a divorce from her husband and an order for the custody of their minor child. No other relief was requested. The husband having failed to appear, the suit was set for disposition and thereupon tried as a non-contested divorce case. Neither in the evidence, nor in the decree granting the relief sought, was mention made of alimony.

Nine months after the entry of the decree of divorce, Mrs. Burson filed a motion in which she petitioned the trial court to fix and order alimony payments to her. For the first time the husband appeared, and then for the sole purpose of resisting the motion for alimony. His resistance is based upon the grounds that Mrs. Burson is not entitled to alimony; that the decree of divorce is res judicata as to all matters litigable in the suit as originally filed and tried; and that the court lacked jurisdiction to entertain the motion.

At the conclusion of the argument, the trial court entered judgment, dismissing the motion, in general agreeing with the contentions of the husband. Feeling aggrieved, Mrs. Burson seeks reversal of the disposition of her motion for alimony by writ of error.

She finds comfort in the following portion of C.R.S. '53, 46-1-5, 1960 Perm. Cum. Supp.:

"(1) (a) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:

\* \* \*

"(d) Alimony;

\* \* \*

"(4) The court shall retain jurisdiction of the action

for the purpose of such latter revision of its orders pertaining to [sub-section (1) (d)] * * * as changing circumstances may require, and for the purpose of hearing any matters recited in [sub-section (1) (d)] * * * which it was unable to determine at earlier hearings for lack of personal jurisdiction over one of the parties, or for lack of knowledge or information, or because of fraud, misrepresentation, or concealment."

A natural observation which follows a reading of that part of the statute quoted is that it contains no machinery for putting in motion that which the statute purports to empower the trial court to do under proper circumstances. Absent any provision for the relief grantable under the statute, C.R.S. '53, 46-1-2 (2d), 1960 Perm. Cum. Supp. controls. It provides:

"The process, practice, and proceedings shall be in accordance with the rules of civil procedure, except as expressly modified or otherwise provided in this article."

Since there is no express modification of the rules or other provision in the statutes relating to divorces, it follows that the Rules of Civil Procedure govern in the utilization of 46-1-5 (1) (d) and (4), supra. *Holman v. Holman,* 114 Colo. 437, 165 P. (2d) 1015.

■ R.C.P. Colo. 54 (c) requires that a "judgment" by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." R.C.P. Colo. 60 (b) permits the court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise or excusable neglect." Any right to modify the original judgment in the light of the allegations contained in the motion would arise from this portion of Rule 60. But such relief must be sought "not more than 6 months after the judgment." R.C.P. Colo. 60.

■ In the first instance relief was properly limited to that asked for in the complaint, since the husband failed to appear in the action. In the second, if Mrs. Burson was entitled to any modification of the judgment to

the extent that alimony should be awarded her (a matter we need not decide), her motion to that end was filed too late.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.