No. 20840.

DEPARTMENT OF WELFARE, CITY AND COUNTY OF DENVER, ET AL., *v.* HAROLD SCHNEIDER.

(397 P.2d 752)

Decided December 21, 1964.　　Rehearing denied January 11, 1965.

MARTIN P. MILLER, MAX P. ZALL, FRANK A. ELZI, ROBERT A. POWELL, for plaintiffs in error.

JOHN D. SAVIERS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where defendant in error was defendant and plaintiffs in error, together with one Maude M. Schneider, were plaintiffs. The said Maude M. Schneider is not a party to the action in this court.

The action involves a claim for relief under the Uniform Reciprocal Enforcement of Support Act adopted in 1961 (C.R.S. '63, 43-2-1 to 33). The suit was commenced under section 31 of the act, which purports to authorize the action, "* * * when both the plaintiff and the defendant are in this state but in different counties. * * *"

This controversy stems from divorce action No. B-5132, filed and disposed of in the District Court of the City and County of Denver. The case was submitted to the trial court upon an agreed statement of facts, the pertinent parts of which are contained in the findings of the trial court, from which we quote the following:

"1. The divorce action was commenced September 19, 1955. The Complaint contains no request or prayer for support money or alimony for plaintiff Maude Schneider.

"2. Defendant executed a Consent and Waiver which was likewise filed September 19, 1955, in which he acknowledged receipt of a copy of the Summons and Complaint; assumed the responsibility of supporting the minor child of the parties as well as the full responsibility for the care and custody of said child; consented to trial as a non-contested case without further notice; and stated that he was not in the military service.

"3. Defendant did not answer the Complaint and the action was tried as a non-contested divorce on February 20, 1956, at which time an Interlocutory Decree was en-

tered in favor of plaintiff. The decree awarded the custody of the minor child to the defendant. No alimony was decreed to plaintiff.

"4. A notice was served on defendant by mail for a hearing on May 16, 1956. The notice is silent as to the nature and purpose of the hearing and the file contains no motion for relief of any kind in reference to said hearing. Pursuant to the notice hearing was held May 16, 1956, at which time defendant appeared without counsel and an order was entered on May 17, 1956, as follows:

"DOTH FIND that the Plaintiff, being physically incapable of self support and being provided for by the public funds of Morgan County, Colorado, and the Defendant being capable of providing to a limited extent for the care, welfare and maintenance of the Plaintiff; that alimony in the amount of twelve dollars per week should be paid by the Defendant to the Morgan County Department of Public Welfare Poor Fund to aid in the support of the Plaintiff.

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Defendant pay alimony in the amount of twelve and no/100 Dollars ($12.00) per week through the Registry of this Court to the Morgan County Department of Public Welfare Poor Fund, the first such payment to be made on or before Monday, May 21, 1956 and subsequent payments to be made on or before Monday of each week.

"It is further ORDERED, ADJUDGED and DECREED by the Court that all payments of alimony made by the Defendant into the Registry of this Court pursuant to this Order be mailed by the Clerk of this Court to the Morgan County Department of Public Welfare, County Court House, Fort Morgan, Colorado, provided that stamped self addressed envelopes be furnished to said Clerk by the Morgan County Department of Public Welfare for such purpose."

"5. On August 21, 1965 a final Decree of Divorce was entered 'upon the terms and conditions contained in the Interlocutory Decree, or any modification or change thereof subsequently made by the court.' No provision was made in the final decree for alimony.

"6. Thereafter, by ex parte motion and order alimony payments were directed to be paid to the Department of Welfare, City and County of Denver.

"7. Contempt proceedings were instituted against defendant for failure to comply with the alimony order and a hearing on the citation was held January 15, 1960. Defendant was found guilty of contempt but the court ordered that the citation be held in abeyance 'until plaintiff's counsel may have time to furnish interrogatories.'

"8. Again, contempt proceedings were instituted on August 13, 1961 and hearing had on December 1, 1961. This citation was dismissed and defendant was discharged.

"9. This action was instituted March 27, 1962 to enforce the duty of support arising out of the alimony order entered in the divorce action previously summarized."

█ The trial court held, inter alia, that the alimony order entered by the District Court of the City and County of Denver was void. If this ruling was correct the plaintiffs cannot prevail in this court since under the circumstances shown by the above stated facts there could be no lawful finding that the defendant owed a "duty of support" in the absence of a valid order for payment of alimony.

The trial court entered conclusions of law which included, inter alia, the following:

"* * * The following reasons compel this conclusion (that the alimony order was void):

" (a) Relief for alimony was never requested or prayed for by plaintiff either by prayer for relief or by subsequent motion.

"(b) Defendant's Consent and Waiver was based upon the Summons and Complaint received by him, concerning which he waived service, and which claims for relief he chose not to contest. There was no claim for relief in the nature of alimony.

"(c) The action was tried as a non-contested action, defendant in default, appearing in person, but without Answer or other pleading and not represented by counsel.

"(d) The relief granted plaintiff was consistent with her demands in the Complaint and did not include alimony.

"(e) No subsequent motion for relief in the nature of alimony was made by the plaintiff to the court during the interlocutory period, or thereafter. If the order entered for alimony was instituted at the behest of the Morgan County Department of Public Welfare to whom the alimony was ordered paid, it was improper as the department was not a party to the proceedings.

"All of the foregoing appear from the record of proceedings in the divorce action, a copy of which is made a part of the record herein.

\* \* \*

"Assuming in the instant case that plaintiff could have filed a motion or request for modification of the interlocutory or final decrees to provide additional relief in the nature of alimony, the record indicates no motion or request whatsoever was filed for such additional relief and in the absence of the same the trial court was without authority to enlarge the relief granted. The order for payment of alimony was therefore void and of no effect."

In *Burson v. Burson,* 149 Colo. 566, 369 P.2d 979, this court considered the question as to whether the wife in a divorce action could secure a judgment for alimony where the complaint contained no prayer for it, and where the husband entered no appearance in the action. The opinion contains the following pertinent language:

"R.C.P. Colo. 54(c) requires that a 'judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.' R.C.P. Colo. 60(b) permits the court to relieve a party from a final judgment or order for 'mistake, inadvertence, surprise or excusable neglect.' Any right to modify the original judgment in the light of the allegations contained in the motion would arise from this portion of Rule 60. But such relief must be sought 'not more than 6 months after the judgment.' R.C.P. Colo. 60.

" (2, 3) *In the first instance relief was properly limited to that asked for in the complaint, since the husband failed to appear in the action.* In the second, if Mrs. Burson was entitled to any modification of the judgment to the extent that alimony should be awarded her (a matter we need not decide), her motion to that end was filed too late. (Emphasis supplied.)"

We see no material difference in the factual situation shown by the record in this case and that presented in *Burson.* The rule applied there is equally applicable here. The trial court was correct in holding that the alimony judgment was void.

Resolution of the controlling question in the manner above indicated makes it unnecessary to consider other questions, since they would become material only in the event the alimony order was held to be valid.

The judgment is affirmed.

Mr. Chief Justice McWilliams and Mr. Justice Sutton concur.