No. 22214.

BARBARA HELEN DOYLE KELLEY *v.* GEORGE E. KELLEY, JR.

(423 P.2d 315)

Decided January 30, 1967.    Rehearing denied February 20, 1967.

JOHN F. BENNETT, ALFRED HEINICKE, for plaintiff in error.

COOL & PHILLIPS, ROBERT DUNLAP, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS case arises from a dispute over custody of two of the four minor children of the parties, Barbara Helen Doyle Kelley and George E. Kelley, Jr. Defendant in error will be referred to as George, and plaintiff in error will be referred to as Barbara.

488

Barbara and George were married in 1946 and separated in 1962. During their marriage, four children were born to them. The custody of the oldest boy (age 18) and the girl (age 12) is not in dispute. The custody of the two younger boys (ages 17 and 6) is here in issue.

In 1962, George filed for divorce in Massachusetts. The divorce was denied and the Massachusetts court entered a decree of judicial separation and orders giving temporary custody of the children to Barbara. In January of 1964, the Massachusetts court gave temporary custody of one of the boys to George and that child has since lived with George in Colorado. In October of 1964, George obtained a default divorce decree from Barbara in Colorado. The complaint in that case advised the court that four children had been born as issue of the marriage and sought a divorce and "such other relief as to the court seems appropriate." Barbara was served by mail in Massachusetts and did not appear in the divorce proceedings. After the Colorado decree, in May of 1965, pursuant to Massachusetts practice, the Massachusetts court vacated any and all orders entered by it relative to these parties. There were, therefore, at that time, no custody orders in effect at all with respect to these children and neither party had the exclusive legal custody of the children.

In July of 1965, George took the youngest of the boys from the street in Brookline, Massachusetts and brought him to Colorado. In August of 1965, George filed motions in the divorce action in Colorado for custody of the two boys. Service of process on Barbara was had by mail in Massachusetts. Barbara appeared in person and by her attorneys to contest the motions. The trial court, after full hearings, awarded custody of the two boys living in Colorado to George, directed that there shall be reasonable rights of visitation and that George shall bear the expenses of transportation involved; ordered George to pay Barbara's travel and

maintenance expenses and directed him to pay Barbara's attorneys' fees. The court further ordered George to pay support money for the minor children living with Barbara. Barbara brings writ of error here from this judgment of the trial court.

The various assignments of error may be summarized as follows:

(1) The trial court erred in assuming jurisdiction to decide the issue of custody since the pleadings in the Colorado divorce action did not request a determination of custody, and the motions for determination of custody were filed after the expiration of the six months period provided by R.C.P. Colo. 60.

(2) It was inequitable to force Barbara to come to Colorado from Massachusetts when the court had not previously had personal jurisdiction over her.

(3) It was an abuse of discretion to award custody of the two boys to George since it would clearly have been in the best interests of the children to have awarded custody to Barbara.

I.

Barbara's first assignment of error is that the trial court erred in assuming jurisdiction to hear the motions for determination of custody. Barbara relies heavily on the various cases decided by this Court holding that the personal rights of the parties to a divorce may not be adjudicated by a court which does not have full jurisdiction of the dispute. For example, in *Triebelhorn v. Turzanski*, 149 Colo. 558, 370 P.2d 757, we held that where a final decree of divorce failed to make a division of property and failed to reserve that question for future consideration, jurisdiction of the question of division of property was thereby lost. And in *Burson v. Burson*, 149 Colo. 566, 369 P.2d 979, we held that a motion for award of alimony was not timely where it was filed more than six months after entry of the divorce decree. It is important to note, however, that motions for determination of custody of children

are different in kind from actions to enforce wholly personal rights as in *Burson* and *Triebelhorn*. The question of custody of children deals with a status and the issue on such a motion is the welfare of the children. In such matters the rights and personal desires of the parents are subservient to the welfare of the children. *Pearson v. Pearson*, 141 Colo. 336, 347 P.2d 779; *McMillin v. McMillin*, 114 Colo. 247, 158 P.2d 444.

George was domiciled in Colorado at the time of the custody hearing, and both children were living with their father in Colorado at the time of the hearing. Moreover, Barbara does not argue that she did not receive actual and complete notice of the proceedings. *Parker v. Parker*, 142 Colo. 416, 350 P.2d 1067. Barbara's argument, essentially, is that the court lacked jurisdiction over the subject matter, and hence could not decide the issue of child custody.

Our statute covering the subject of child custody orders is C.R.S. 1963, 46-1-5. That statute reads in part as follows:

"(1)(a) At all times after the filing of a complaint, whether *before* or *after* the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:

"(b) Custody of minor children; * * *

"(4) The court shall retain jurisdiction of the action for the purpose of such later revisions of its orders pertaining to subsections (1)(b), * * * as changing circumstances may require, and for the purpose of hearing any matters recited in subsections (1), (2) and (3) of this section which it was unable to determine at earlier hearings for lack of personal jurisdiction over one of the parties, or for lack of knowledge or information, or because of fraud, misrepresentation, or concealment. * * *" (Emphasis added.)

The courts of other jurisdictions have considered the problem now before us under statutes similar to ours. See *Annot.*, 71 A.L.R.2d 1370 (1960.) Under

statutes providing, as C.R.S. 1963, 46-1-5 (1) (a) does, that the court may provide for custody of children by orders made "before or after" the entry of a final decree, most courts hold that the trial court may provide for the custody of the child even though the subject was not mentioned in the original decree. See, *e.g.*, *Thompson v. Thompson*, Okla. 347 P.2d 799; *State ex rel. Ranken v. Superior Court*, 6 Wash.2d 90, 106 P.2d 1082; *State ex rel. Floch v. District Court*, 107 Mont. 185, 81 P.2d 692, 695; *Application of Martin*, 76 Idaho 179, 279 P.2d 873, 876.

We hold that the trial court did have subject matter jurisdiction in the divorce action over the status of those children who were present in Colorado.

II.

In her second assignment of error, Barbara argues that it was inequitable to force her to defend in Colorado since she was thereby prevented from producing out of state witnesses in her behalf.

█ Unfortunately, it is inherent in the nature of such interstate custody disputes that one party or the other will be inconvenienced by being forced to defend in a forum not of his own choosing. However, Barbara has failed to show in what specific way she was prejudiced in her defense of the action. In fact, the record shows that the trial court, on motion of the defense, required George to pay travel expenses, living and maintenance expenses, and attorneys' fees to Barbara to enable her to come to Colorado to defend this action. There is no showing that these amounts were inadequate or that further fees or expenses were ever requested by the defense. It should be noted that in cases involving child custody the principal issue before the court is the welfare of the children, and not the convenience of the parents. *Anderson v. Anderson*, 124 Colo. 74, 234 P.2d 903.

█ The trial court had personal jurisdiction over the father and both children, and the mother appeared

in person. There was no denial of due process in thus assuming jurisdiction.

III.

■ Barbara's third assignment of error is that the trial court abused its discretion in awarding custody to George. She argues that the custody of minor children should always be awarded to the mother in the absence of a showing that she is unfit to have custody. And she argues that there was in fact a showing that George was morally unfit to have custody, and further that it was an abuse of discretion to divide custody of the four children by giving custody of two of them to George and leaving two of them with Barbara. While it is true that custody of children of tender years is ordinarily given to the mother, *Kane v. Kane*, 154 Colo. 440, 391 P.2d 361, and that custody of several children should normally not be split between the parents, *Songster v. Songster*, 150 Colo. 466, 374 P.2d 197, it is also clear that the overriding concern of the court must be for the welfare of the children, *Averch v. Averch*, 104 Colo. 365, 90 P.2d 962. In its order, entered after the hearing, the trial court stated:

"* * * The Court is aware of the general rule that the custody of a child of tender years is ordinarily awarded to its mother. The Court is also aware of the general rule that a division of custody should ordinarily be avoided. The Court nevertheless finds that in this instance it is in the best interest of these two children that their custody be awarded to the plaintiff. [George]"

■ The trial judge held a full hearing at which both parties presented testimony, documentary evidence and arguments. There is ample evidence in the record to support the award of custody, and such an award will not be disturbed on review unless it is a gross abuse of discretion. The trial judge had the opportunity to listen to the witnesses, to assess their credibility and to talk with the children involved. The record reflects that he did so with the utmost care and

impartiality, and we will not overturn his ruling. *Anderson v. Anderson, supra.*

The judgment is affirmed.