No. 21959.

DONALD JAMES SWEIMLER *v.* MARTHA ELLA SWEIMLER.
(423 P.2d 842)

Decided February 20, 1967.

BLAKEMORE MCCARTHY, for plaintiff in error.

PATTI F. O'ROURKE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to plaintiff in error as the father and to defendant in error as the mother.

This writ of error is directed to a judgment of the district court modifying a previous decree in which the father was awarded custody of the four minor children of the parties. After a hearing for modification on the ground of change of circumstances, the court awarded the custody of the two older teen-age children to the mother. The two children of tender years were awarded to the father. Two weeks later, on a motion to modify that order, the court awarded all four children to the mother.

Though conceding that the order of the court which awarded the two older children to the mother is not objectionable to him, the father nevertheless challenges the correctness of the court order which took the two younger children from him and awarded them also to the mother.

After it had entered the change of custody decree, the court stayed the effect thereof in part, permitting the father to retain the two younger children, and to take them with him to a military base in the Pacific area; there they have been attending school and have been residing with the father for the past two and one-half years. The mother, in the meantime, has had the teen-age children with her in one of the Southern states.

It appears from the record that the court was per-

suaded that the separation of the children would not inure to their best interests; it would be particularly difficult for the two younger children. While we cannot say that the evidence appears in all particulars to support unequivocally the finding of the trial court in this regard, we nevertheless note that the separation of the children did, in fact, take place and that it has been of sufficient duration that it would be impossible now to determine what the effect would be on the children if the court's decree, at this late date, is carried into force and effect.

The cause is therefore affirmed in part as to the two older children and reversed as to the two younger children and remanded with directions to the trial court to conduct a new hearing and to make a determination as of the date of that hearing whether it would be in the best interests of the two younger children now to be taken from their father and awarded to the mother. We note that the father will return in mid-summer to the continental limits of the United States and to the Colorado Springs area within the jurisdiction of the trial court. A hearing can be held at that time with appropriate orders to give the mother full opportunity to attend.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.