No. 22856.

RICHARD J. SAUCERMAN, BY HIS NEXT FRIEND, DAROLD W.
SAUCERMAN *v.* DONNA T. SAUCERMAN.
(461 P.2d 18)

Decided November 10, 1969.

ALLEN W. BROADSTREET, for plaintiff in error.

HECOX and TOLLEY, GERALD G. TOLLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error is directed to errors allegedly committed by the trial court in a child custody hearing. Plaintiff in error, Richard J. Saucerman, was plaintiff in a divorce proceeding brought against his wife, Donna T. Saucerman. The parties will be referred to as "Richard" and "Donna."

A decree of divorce was granted to both Richard, on his complaint, and Donna, on her counter-claim, in July of 1962. Pursuant to stipulation the trial court granted Donna custody of their six-month-old son Ricky, and ordered child support of $70 per month.

Matters relating to custody, visitation and support proceeded smoothly until February of 1964, when Donna without the consent of Richard, took their son Ricky to California where they lived with Donna's mother. This immediately prompted Richard, who was thereby deprived of visitation rights, to seek an order of court suspending support money payments and granting to him custody of Ricky. On March 22, 1965, the court entered such an order. It further provided that upon Donna's

return to Colorado from California the court would, upon her application, "* * * reconsider and award custody on the evidence then adduced before the court." Richard then proceeded to California and, on the pretext of a weekend visitation for the purpose of taking Ricky to Disneyland, without Donna's knowledge or consent, he returned Ricky to Colorado. Thereafter, Donna returned to Colorado and filed her motion to vacate the order of March 22, 1965, which awarded Ricky's custody to Richard. An evidentiary hearing was conducted, at the conclusion of which the trial court found both parents to be fit and proper persons to have the custody of this child, but that said child, being an infant of the age of 3½ years, should be returned to the custody of its mother. The court then vacated the order of March 22, 1965, and awarded Donna custody, subject to visitation rights.

All of the foregoing proceedings were heard by the Honorable David W. Enoch, Judge of the District Court of El Paso County, who, prior to the events related hereinafter, resigned from his judicial office.

On April 14, 1966, Richard again sought a change of custody. Donna then filed a motion for increased child support, which was thereafter denied, and a motion for attorney's fees, which was granted. These motions were heard by the Honorable William E. Rhodes, Judge of the District Court of El Paso County, to whom the case had been assigned. Pursuant to stipulation, although no formal stipulation appears in the record, the court ordered the probation officer to investigate the present home situations of both plaintiff and defendant. Such a report was furnished, read by counsel for both parties and considered by the court. At the conclusion of an extended evidentiary hearing, the court entered its findings, among which were findings that both parents were fit and proper persons to have the care, custody and control of the minor child; that the child was well-treated, well-nourished and physically and mentally healthy; that, since the last hearing in September of 1965, the home

environment and family life of Donna had improved, she had remarried, and was maintaining a normal home environment; and that, due to the age of the child who was then 4½ years, the custody should remain with its mother. The court then ordered that custody remain in Donna and that Richard pay $500 as attorney's fees within sixty days.

Richard asserts the following errors were committed by the trial court: 1) The court erred in admission of and exclusion of evidence. 2) The court erred in holding that the report of the probation officer and the probation officer himself would not be subject to direct, cross or adverse examination. 3) The court erred in awarding Donna $500 attorney's fees to be paid within sixty days. 4) The court erred in finding that the custody should remain with Donna, when the evidence reflected in fact that Richard was entitled to such custody. 5) Richard was prevented from having a fair trial because the court was prejudiced against him. We do not consider any of the alleged errors meritorious and therefore we affirm the judgment.

██ Donna was called as an adverse witness for cross-examination by Richard's attorney. Thereafter, on cross-examination of Donna by her attorney, she was asked leading questions, to which objection was made. The court ruled such to be permissible. We agree. R.C.P. Colo. 43(b). When the plaintiff calls the defendant for cross-examination, defendant's counsel may then cross-examine such defendant upon the subject matter of plaintiff's examination by leading questions or otherwise. *Burr v. Green Bros. Sheet Metal*, 159 Colo. 25, 409 P.2d 511. Although it is asserted that the record is replete with other erroneous evidentiary rulings, none are pointed out.

## II.

██ The second error alleged is the refusal of the court to permit Richard's counsel to examine the probation officer who investigated the homes of the re-

spective parties and filed a report thereon with the court. As heretofore noted, this investigation was ordered as a result of a stipulation between the parties. Refusal to permit examination of the probation officer was based upon C.R.S. 1963, 154-1-7(6), which provides:

"A public officer shall not be examined as to communications made to him in official confidence, when the public interests, in the judgment of the court, would suffer by the disclosure."

The court reasoned that the investigator, being an officer of the court, should be protected from examination concerning the contents of the report, particularly as to those matters related to him in confidence during his investigation pursuant to the court order, and that the public interests required such a rule. However, the court permitted both counsel to read the report and to offer any evidence to rebut any portions of the report. The report itself was not introduced into evidence. The court commented as follows: "The Court feels that the report has been stipulated to by counsel, and now that it is in it will not be stricken from the record — however, [it] will not become a part of the public record."

We do not agree with the court that this statute is applicable to an employee of the district court, who, though designated as an "officer," is not in fact a "public officer" within the meaning and intent of the statute. Without attempting here to delineate all of the areas intended to be covered by this statutory declaration of privilege, we generally hold that its purpose was to protect matters relating to "affairs of state" and "state secrets" within the different branches of the government. 58 Am. Jur. *Witnesses* §§ 533, 535. This is not to say, however, that confidential communications made to a probation officer in the performance of investigatory duties enjoined upon him by court order may not be privileged in the event the public interest demands that the confidence thereof be preserved. The record here shows Richard's particular objection to the probation

report was that it was a hearsay document, and contained a letter from a medical doctor who expressed opinions which he would not have been qualified to state in court concerning the custody controversy. The trial court did strike the doctor's letter from the probation report and the doctor thereafter became a witness in the case and was examined by counsel for both parties.

Richard's counsel did not point out to the trial court any further matters in the probation report which he felt to be prejudicial, nor did he specify such in his motion for new trial or in his appellate brief. The report was not designated as a part of the record and we are therefore not in a position to evaluate it.

■ We hold that a probation officer, or other persons, who have been designated to investigate and report to the court in custody hearings matters involving the ability or fitness of parents to best serve the interests of their children, are subject to examination as witnesses concerning matters contained in their reports. Touching upon matters related to them in confidence, the court should preliminarily rule in each instance what matters are in fact confidential and whether the public interest requires the confidence to be preserved. No examination of the officer should be permitted with respect to such confidential matters.

■ Concerning the matter at hand, Richard's counsel did not designate any further areas upon which he wished to examine the probation officer. Had he done so the court could have ruled as to any areas involving confidences and permitted counsel to examine the officer as to any remaining material contained in the report. But since counsel did not do so, he cannot now be heard to complain of the court's ruling.

We do not consider the court's ruling under the circumstances to be prejudicial.

### III.

■ In connection with the court's award of $500 attorney's fees to Donna, the record reveals that the dis-

position of Richard's motion for change of custody required attendance in court by Donna's counsel for an evidentiary hearing on July 18, 1966, and thereafter for two additional evidentiary hearings on \October 20 and October 21, 1966. The evidence showed Donna was unemployed and had a total income for herself and child of $155 per month, consisting of $60 per month support money for Ricky and $95 per month military allotment from her present husband. Further, she had no assets out of which to pay her attorney's fees and was heavily indebted. In addition to this evidence, the court had before it Richard's affidavit, as well as Donna's, which were by agreement considered by the court in determining the matter of attorney's fees. Neither of these affidavits was designated as a part of the record, nor were the arguments of counsel concerning this matter reported or transcribed. Under the facts that do appear in evidence, we cannot say that the court abused its discretion in awarding Donna attorney's fees as it did. *Laws v. Laws*, 164 Colo. 80, 432 P.2d 632.

IV.

 The fourth assignment of error concerns the trial court's ultimate determination that Ricky should be placed in Donna's custody. The overriding concern of a trial court in determining custody must be the welfare of the child. *Kelley v. Kelley*, 161 Colo. 486, 423 P.2d 315; *Kane v. Kane*, 154 Colo. 440, 391 P.2d 361; *Hayes v. Hayes*, 134 Colo. 315, 303 P.2d 238; *Searle v. Searle*, 115 Colo. 266, 172 P.2d 837. In the present case, in making its determination in this regard, it is apparent from the court's findings that such consideration was paramount in the court's resolution of this issue, and it is not necessary to discuss in detail the evidence which supports the court's findings. We simply comment that there is ample competent evidence in the record to support the trial court's judgment in this matter.

V.

 The last specification charges the trial court

with prejudice toward Richard with the consequent result that he was not afforded a fair trial. It is argued that such is apparent from the erroneous rulings made by the trial court. The record does not support such a charge. Furthermore, rulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice. *Walker v. People,* 126 Colo. 135, 248 P.2d 287. On the contrary, we find the trial judge was extremely liberal in permitting counsel for Richard to introduce evidentiary matter relating to events occurring during the period shortly after divorce decree in 1962 but prior to the custody hearing conducted by Judge Enoch in 1965, all of which presumably were heard and considered at that hearing. The record does not establish that Richard did not receive a fair trial.

We find no prejudicial error.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.