No. 24130.

CATHERINE CONSTANCE HARRISON *v.* GRAYDON EUGENE HARRISON.
(462 P.2d 119)

Decided December 8, 1969.

398

EARL J. HOWER, WILLIAM M. CALDWELL, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

PLAINTIFF in error, Catherine Constance Harrison, hereinafter referred to as "Catherine," seeks to reverse an order of the District Court of Jefferson County, Colorado, which awarded custody of her 3-year-old daughter Deona to defendant in error, Graydon Eugene Harrison, father of the child, hereinafter referred to as "Graydon." ██ A decree of divorce was awarded to Graydon on December 12, 1966. Catherine was given custody of the infant daughter, Deona, by agreement of the parties. Thereafter, in October of 1968, Graydon filed his Motion for Changing Custody and for Cessation of Support Payments, alleging that Catherine was unfit to have the

further care, control and custody of Deona and that the child's best interests would be served by placing her in her father's custody. After an evidentiary hearing, at which six witnesses presented testimony concerning the character of the parties, their economic circumstances, and their capabilities to provide a suitable home for Deona, the court concluded that Catherine was not a fit and proper person to have the custody of the child and that the child's best interests required that she be placed with Graydon for at least a year, after which the matter of custody might be reviewed upon request of either party.

A petition for rehearing or new trial was filed and denied.

Counsel for Catherine urged reversal on the grounds that the court abused its discretion in awarding custody of Deona to Graydon under the circumstances of this case, particularly in view of the child's tender years. We do not agree, and therefore affirm the judgment of the trial court.

█ █ The question for our determination is whether there was sufficient evidence to support the trial court's judgment that the child's best interests under all the circumstances would best be served by the custody order entered herein. We find ample competent evidence to support the court's findings, which will not be disturbed on review in the absence of a showing of a gross abuse of discretion. *Saucerman v. Saucerman,* 170 Colo. 318, 461 P.2d 18; *Kelley v. Kelley,* 161 Colo. 486, 423 P.2d 315; *Kane v. Kane,* 154 Colo. 440, 391 P.2d 361; *Averch v. Averch,* 104 Colo. 365, 90 P.2d 962.

█ Counsel also contended that because the father had become a resident of Cheyenne, Wyoming, to permit the child to be removed from Colorado to Wyoming would presumably interfere with the mother's visitation rights, contrary to the policy of our law. Again, we find the overriding concern to be the welfare of the child. *Tanttila v. Tanttila,* 152 Colo. 445, 382 P.2d 798. Here, the distance

of Graydon's residence, even though across the state line, from Catherine's residence in Jefferson County, does not present an unreasonable obstacle to the exercise of the visitation rights by the mother with her child, and the trial court in this connection was particularly solicitous in directing liberal visitation rights in favor of Catherine during the summer months.

As suggested by counsel, an order of custody in a situation such as we are here considering has no quality of irrevocability and it may be modified at any time upon a showing of circumstances warranting modification or change in the best interests of the child. *Wiederspahn v. Wiederspahn,* 146 Colo. 214, 361 P.2d 125. The trial court was cognizant of this principle when it indicated that an early review of the custody situation would be desirable and could be had upon motion of either party.

We find no abuse of discretion in the trial court's order awarding custody of Deona to her father, Graydon.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE not participating.