505 P.2d 14 (1972)
Elaine S. BERNICK, Plaintiff-Appellant,
v.
Richard J. BERNICK, Defendant-Appellee.
No. 71-406.
Colorado Court of Appeals, Div. I.
November 21, 1972.
Rehearing Denied December 12, 1972.
Victoria F. Gross, Denver, for plaintiff-appellant.
*15 Gould, Moch & Bernick, Robert Moch, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Elaine S. Bernick, plaintiff, and Richard J. Bernick, defendant, were divorced on December 20, 1967. Custody of the four children of the marriage was awarded to plaintiff. Defendant was awarded rights of visitation. Upon being notified by plaintiff that she planned to move the children from Denver, where plaintiff had maintained a residence since the divorce, to Salida, approximately 140 miles away, the defendant filed a motion requesting modification of the custody orders to prohibit the removal of the children from the Denver metropolitan area. After a hearing on the motion, the trial court granted the relief sought by defendant. On plaintiff's appeal, we reverse.
In the sound exercise of its discretion, the trial court has the authority to modify its previous orders relative to custody and visitation upon a showing of circumstances warranting a change in the best interests of the children. Harrison v. Harrison, 170 Colo. 397, 462 P.2d 119. On appellate review of such an order, every presumption will be made in favor of the validity of the trial court's decision and only where a clear abuse of discretion can be shown will an appellate court interfere with orders of a trial court delineating visitation rights and awarding custody. Anderson v. Anderson, 124 Colo. 74, 234 P.2d 903; Searle v. Searle, 115 Colo. 266, 172 P.2d 837.
In the instant case, the defendant's sole assertion is that visitation with his children would be rendered more difficult by the move, and he presented competent evidence in support of this contention. Plaintiff's evidence disclosed that she had been afforded an excellent opportunity to practice law, her profession, in the town of Salida and that the children, aged 7, 10, 12, and 15, desired to live with her in that community. The evidence further disclosed that the children were willing to travel the distance between Salida and Denver in order to maintain a close relationship with their father.
In recent years there has been an increasing awareness that, in divorce proceedings, the children are themselves the most disadvantaged parties. This awareness has led to the requirement that decisions relative to visitation must be based upon serving the best interests of such children. Viewed from this perspective, visitation becomes primarily a right of the children and secondarily a right of the non-custodial parent. We recognize the responsibility of the custodial parent to provide for the children the opportunity to know the non-custodial parent and to benefit from that parent's love and guidance through adequate visitations. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464. The record establishes that plaintiff's decision to move is consistent with this responsibility. There is no attempt on the part of the plaintiff to remove the children from the jurisdiction of the court, and the court has continuing authority to modify existing orders or enter additional orders to minimize any detrimental effect of the move upon the relationship between defendant and his children.
We hold that the trial court clearly abused its discretion by failing to allow the custodial parent to exercise the authority that the responsibility of custody requires. It is the custodial parent who must assume the responsibility for the selection of the environment in which the children shall be reared and the manner and means to be used. The authority that must be exercised and the decisions that must be made by a custodial parent, both on a daily and long term basis, in carrying out the responsibility of custody of minor children, are entitled to the support of the court which initially awarded custody to the parent. See Van Orman v. Van Orman, Colo.App., 492 P.2d 81. Thus, in the absence of a clear showing to the contrary, decisions of the custodial parent reasonably made in a good faith attempt to fulfill the *16 responsibility imposed by the award of custody should be presumed to have been made in the best interests of the children. No such contrary showing was made here.
The trial court prohibited plaintiff from making a move which is disclosed by the record to have been consistent with her responsibilities and authority as the parent having custody. We reverse and remand with directions to vacate the order previously entered.
SILVERSTEIN, C.J., and COYTE, J., concur.