**In re the MARRIAGE OF Darrell HOFFMAN, Appellee,**

**and**

**Leila Jean Hoffman, Appellant.**

**No. 84CA0268.**

Colorado Court of Appeals, Div. IV.

March 14, 1985.

Rehearing Denied April 4, 1985.

Malman and Malman, P.C., Robert L. Malman, Denver, for appellee.

Ott, Kirkwood & Cronan, Edward L. Kirkwood, Denver, for appellant.

SILVERSTEIN *, Judge.

This eleven-year marriage was dissolved on May 25, 1983. The wife seeks review of the trial court's orders relative to custody

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

and child support. We affirm in part and reverse in part.

The parties were married on June 10, 1972. The parties had two children who were, as of the date of the permanent orders hearing, a son age 4, and a daughter of 18 months. Following the separation of the parties in April of 1982, wife left Colorado with the children and took up residency in California. Husband then commenced this action for dissolution of marriage seeking, among other things, custody of the children.

Following a hearing, the trial court, in recognition of the age of the children and the circumstances of the husband and wife, specifically concluded "it would be in the best interests of the children that sole custody be awarded to the [wife]." The court ordered husband to pay child support in the sum of $125 per month per child and granted him certain visitation rights, and it also ordered that the children be returned to Colorado from California within one year of the date of the order.

Wife traveled to Colorado with the children for the hearing, and the court ordered that the children be returned to her custody following a two-week visitation period with husband commencing the day of the hearing. The children were then returned to California where they have remained with wife pending this appeal.

## I.

On appeal wife contends the trial court erred in ordering the children returned to Colorado within one year after the date of the order. We agree.

The authority of the court to permit removal of the children from Colorado is not questioned. See *In re Marriage of McGee*, 44 Colo.App. 330, 613 P.2d 348 (1980).

Here, the court determined that, at the time of the hearing, it was in the best interests of the children that custody be awarded to the mother, with the right to take the children to California. See *In re Marriage of Casida*, 659 P.2d 56 (Colo.App. 1982); *Bernick v. Bernick*, 31 Colo.App.

485, 505 P.2d 14 (1972). However, the court, in ordering that the children be returned to Colorado in one year, made no finding that such a move would be in the best interests of the children, and, in fact, was in no position to do so.

When the trial court entered the order, it was impossible for it to determine what the effect would be on the children if its order to return the children were to be carried out and what the children's best interests might be one year following the grant of sole custody to wife. Thus, the trial court's order cannot stand. See *Sweimler v. Sweimler*, 161 Colo. 595, 423 P.2d 842 (1967).

## II.

Wife next argues that the court erred in fixing the amount of child support since the court, in setting its award, considered the transportation costs husband would incur to effectuate visitation with the children in California. We disagree.

Section 14–10–129, C.R.S., directs that the non-custodial parent receive visitation rights unless the court finds the best interests of the children otherwise require. The trial court here, while awarding custody to wife, specifically found husband a fit and proper parent and granted him "reasonable and liberal" rights of visitation. The expense involved in exercising these rights was properly considered in connection with assessing the husband's ability to pay child support and the needs of the children. See § 14–10–115(1)(d), C.R.S. See also *Searle v. Searle*, 115 Colo. 266, 172 P.2d 837 (1946); and *In re Marriage of Krise*, 660 P.2d 920 (Colo.App.1983).

That part of the judgment directing return of the children to Colorado is reversed, and the remainder of the judgment is affirmed.

ENOCH, C.J., and HODGES,* J., concur.