24CA0901 Peo v Richardson 08-07-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0901
Jefferson County District Court No. 15CR3469
Honorable Phillip J. McNulty, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tyrone Javonne Richardson,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Pawar and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Tyrone Javonne Richardson, Pro Se

¶ 1 Tyrone Javonne Richardson appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I. Background

¶ 2 A jury convicted Richardson of attempted first degree murder, second degree assault, and thirty-one other counts stemming from a crime spree during which he and two other men robbed a bank, burglarized a home, and assaulted and shot two people. A division of this court affirmed the judgment of conviction. *People v. Richardson*, (Colo. App. No. 17CA0968, Mar. 5, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 3 Richardson filed a timely pro se motion for postconviction relief under Crim. P. 35(c). In the motion, he asserted several claims related to his trial counsel's performance — that counsel allegedly failed to (1) object to the continuance of the preliminary hearing, which, in turn, gave the prosecution time to arrest Richardson's codefendant, which prejudiced his "right to severance"; (2) invoke his right to a speedy trial; (3) secure a favorable plea bargain; (4) investigate "a line of defense" for severance; (5) move to disqualify the judge before trial; and (6)

1

adequately advise him about his right to testify at trial. He argued that these errors cumulatively resulted in the denial of his right to effective assistance at trial.

¶ 4        Richardson also argued in the motion that his appellate counsel was ineffective for failing to (1) seek review of the district court's proportionality decision and "due process sentencing violations" and (2) argue that the judge should have recused herself because of her alleged bias and prejudice.

¶ 5        Lastly, Richardson claimed in the motion that the trial court erred by not adequately questioning the jurors concerning one of the jurors' statements about Richardson's perceived guilt.

¶ 6        In a detailed written order, the postconviction court denied Richardson's motion without a hearing. Richardson appeals that order. (A motions division of this court deferred to us the decision whether to accept Richardson's untimely reply brief. Although we hold that we need not consider the brief because Richardson did not submit it by the filing deadline, we note that the arguments in that brief would not change the outcome of this appeal.)

## II. The Postconviction Court Did Not Err by Denying Richardson's Crim. P. 35(c) Motion

¶ 7 We review de novo a district court's decision to deny a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519. We perceive no error.

¶ 8 A court may deny a Crim. P. 35(c) motion without a hearing when "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief." Crim. P. 35(c)(3)(IV). This standard is satisfied if (1) the allegations are bare and conclusory; (2) the allegations in the motion, even if true, do not warrant relief; or (3) the record directly refutes the defendant's claims. *People v. Duran*, 2025 COA 34, ¶ 15, 569 P.3d 899, 904. A defendant need not set forth the evidentiary support for the allegations in a Crim. P. 35(c) motion but must assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). Although a court must broadly construe a pro se litigant's pleadings, it is not a court's role to rewrite those pleadings or act as the litigant's advocate. *Cali*, ¶ 34, 459 P.3d at 522.

¶ 9     First, Richardson argues that the postconviction court erred by not "retroactively" applying *Wells-Yates v. People*, 2019 CO 90M, 454 P.3d 191, because the prior convictions underlying his habitual criminal adjudication were no longer considered "grave or serious, *in every situation.*" But we will not address this claim because Richardson did not include it in his motion. *See Cali*, ¶ 34, 459 P.3d at 522 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."). (The People's assertion that Richardson raised the claim in his motion does not alter the fact that his appellate argument regarding *the court's* alleged error materially differs from the claim in his motion that his *appellate counsel* was ineffective for not raising a *Wells-Yates* argument. *See People v. Backus*, 952 P.2d 846, 850 (Colo. App. 1998) (holding that the parties' concessions regarding the applicable law do not bind the appellate court)).

¶ 10    Second, Richardson asserts that the trial judge "abused [her] discretion" by conducting the proportionality review hearing following her recusal from the case. (We note that Richardson does

4

not clearly present this claim. But even applying the most liberal construction to the claim, *see People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010), we conclude that Richardson waived any error regarding recusal.)

¶ 11    Richardson's counsel filed a post-trial motion for recusal of the trial judge from the habitual criminal phase of the proceedings (the recusal motion). Defense counsel alleged in the recusal motion that section 16-6-201, C.R.S. 2024, required the judge's disqualification because of her "limited" participation in a 2004 case that formed the basis of one of the prior habitual criminal counts. When working as a prosecutor, the judge filed a motion to continue the preliminary hearing in that case.

¶ 12    Richardson argued that the judge's "impartiality would [be] reasonably questioned" but, notably, did not allege that she was actually biased against him. The judge, "in an abundance of caution," granted the recusal motion. Because Richardson "request[ed] the matter be returned to [the judge's division] for a hearing on the proportionality review," however, the judge conducted the proportionality review hearing.

¶ 13    Richardson waived this claim because he requested that the judge conduct his proportionality review hearing and because he did not allege actual bias. *See People v. Garcia*, 2024 CO 41M, ¶ 1, 550 P.3d 637, 639-40 (holding that, if a defendant is aware of potential grounds to disqualify a judge, but fails to raise them through an objection, the defendant waives any disqualification claim under section 16-6-201); *People v. Dobler*, 2015 COA 25, ¶ 7, 369 P.3d 686, 688 (holding that litigants may waive a disqualification argument not premised on actual bias or prejudice); *see also People v. Rediger*, 2018 CO 32, ¶ 40, 416 P.3d 893, 902 ("[W]aiver extinguishes error, and therefore appellate review.").

¶ 14    Third, and relatedly, Richardson asserts that the postconviction court erred by denying his claim that trial counsel was ineffective for failing to investigate and move for the trial judge's recusal before trial, and that this failure "prejudice[ed him] to the [court]'s many damaging denials of trial issues." We are not persuaded.

¶ 15    A criminal defendant has a constitutional right to the effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To obtain relief on an ineffective assistance of counsel

claim, a defendant must show that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court may deny an ineffective assistance claim without a hearing if the defendant fails to allege facts sufficient to satisfy either prong of this test. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 16　　The prejudice element of an ineffective assistance claim premised on counsel's failure to file a disqualification motion cannot be satisfied unless the defendant alleges the judge was actually biased. *People in Interest of A.G.*, 262 P.3d 646, 651 (Colo. 2011). "Only when a judge is actually biased or prejudiced is there reason to question the reliability of the result of the proceeding." *Id.* at 652.

¶ 17　　Richardson did not argue in his Crim. P. 35(c) motion that the trial judge was actually biased against him. *See People v. Drake*, 748 P.2d 1237, 1249 (Colo. 1988) ("A defendant asserting bias on the part of a trial judge must establish that the judge had a substantial bent of mind against him or her."); *see also People v. Jennings*, 2021 COA 112, ¶ 28, 498 P.3d 1164, 1172 ("The record

must establish such bias clearly; mere speculative statements and conclusions are not enough."). Rather, he relies on the judge's disqualification before his habitual trial based on the judge's "limited" participation as a prosecutor in his 2004 case and asserts that the judge's bias was exhibited "due to [her] many rulings" against him throughout his trial.

¶ 18    But, according to Richardson's counsel's affidavit submitted in support of the recusal motion, the judge said in open court that she had never appeared on the record in the 2004 case, had not submitted any other filings in the case, and had no recollection of the case. Thus, even if trial counsel had discovered before trial that the judge had minimally participated in the 2004 case, there would likely have been no legitimate grounds for recusal, and there are no grounds to question the proceeding's result. *See Garcia*, ¶ 21, 550 P.3d at 642-43 ("[W]hile both an appearance of impropriety and actual bias are grounds for *recusal* from a case, only when the judge was actually biased will we question the *result*." (quoting *Sanders v. People*, 2024 CO 33, ¶ 50, 549 P.3d 947, 955)).

¶ 19    Moreover, there is no evidence that the judge was interested in, or prejudiced as to, the outcome of the case, and the judge's

8

adverse rulings are not evidence of actual bias. *See People in Interest of A.P.*, 2022 CO 24, ¶ 32, 526 P.3d 177, 184 ("[A]dverse legal rulings by a judge are unlikely to provide grounds for a bias claim, as they are proper grounds for appeal, not for recusal."); *see also Schupper v. People*, 157 P.3d 516, 521 n.5 (Colo. 2007) ("[R]ulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice." (quoting *Saucerman v. Saucerman*, 461 P.2d 18, 22 (Colo. 1969))).

¶ 20 Accordingly, we, like the postconviction court, conclude that Richardson failed to set forth allegations that, if proved, would establish prejudice. The postconviction court thus properly denied Richardson's recusal claim without a hearing.

¶ 21 Finally, we conclude that Richardson abandoned the other Crim. P. 35(c) claims he initially raised in the postconviction court but does not reassert on appeal. *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

### III.  Disposition

¶ 22 The order is affirmed.

JUDGE PAWAR and JUDGE LUM concur.