The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Sanford B. SCHUPPER, a/k/a Sanford Schudder, a/k/a Sandy B. Schupper, a/k/a Sanford B. Schepper, Defendant–Appellee.

No. 03CA1554.

Colorado Court of Appeals,
Div. III.

May 5, 2005.

Rehearing Denied July 14, 2005.

Certiorari Granted Dec. 19, 2005.

John R. Newsome, District Attorney, Robyn J. Cafasso, Deputy District Attorney, William Edie, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

Dennis W. Hartley, P.C., Dennis W. Hartley, Colorado Springs, Colorado, for Defendant–Appellee.

DAILEY, J.

The People appeal the district court's order vacating defendant Sanford B. Schupper's judgment of conviction and sentence for theft and granting him a new trial. We reverse and remand with directions.

### I.  Facts

Defendant was charged with theft and fraud by check.  The judge to whom this case was assigned had previously been a member of the local district attorney's office.  During the trial proceedings, defendant three times requested—once through counsel, and twice pro se—that the trial judge recuse himself.  The trial judge denied each of these motions.

Over his objection, defendant proceeded pro se to trial.  He was convicted of theft and, following sentencing, appealed his conviction to this court.  While his appeal was pending, he requested and was granted a limited remand to consider the effect of a new development, namely, the trial judge's recusal from several similar cases that were still pending trial against him in district court.

The trial judge had sua sponte recused himself from defendant's other cases because (1) "the professional relationship between the attorneys has degenerated into something of a personal grudge match," with grievances being filed by and against counsel for each side, with the prosecution filing a motion to hold members of the defense team in contempt, and with the defense filing motions for a special prosecutor to pursue criminal charges against members of the prosecution team;  and (2) a friend and former supervisor of the judge had recently entered his appearance in those cases, on behalf of the prosecution.  The judge explained:

> It appears that the personal antagonism between counsel demonstrated in the past will continue.  While I would not have problems dealing with these various personal issues among other counsel, I will feel uncomfortable handling them if [my friend] is involved.  Likewise, the Court would have no problem dealing with one of [my friend's] cases in which similar personal issues were not involved.  However … under these present circumstances it would create an appearance of impropriety if I retain these cases.

On limited remand in this case, a successor judge ruled that the trial judge's recusal had to be retroactively applied because: (1) early in this case, the same friend had made an appearance at a short motions hearing, and thus "the circumstances upon which [the trial judge] relied to disqualify himself were true" even before trial;  (2) the decision to recuse was made relatively close in time to trial in this case;  and (3) the trial judge had made a critical decision before trial, namely, to require defendant to proceed to trial without benefit of counsel.  Thus, the successor

judge vacated the judgment and sentence and granted defendant a new trial.

This court dismissed defendant's appeal and subsequently accepted jurisdiction, under § 16–12–102(1), C.R.S.2004, of the People's appeal challenging the successor judge's ruling.

## II. Legal Analysis

■ The People contend that the successor judge erred in retroactively applying the trial judge's recusal order to vacate defendant's judgment of conviction. We agree.

■ A judge must be free of all taint of bias and partiality. *People v. Dist. Court,* 192 Colo. 503, 506, 560 P.2d 828, 831 (1977). To this end, under the Colorado Code of Judicial Conduct, a judge should disqualify himself or herself whenever the judge's impartiality might reasonably be questioned. C.J.C. 3(C)(1). This rule encompasses not only instances where the judge has an actual bias or prejudice, but also those where the judge has an apparent bias. *See Wilkerson v. Dist. Court,* 925 P.2d 1373, 1376 (Colo. 1996); *see also In re Estate of Elliott,* 993 P.2d 474, 481 (Colo.2000)("If an appearance of partiality exists, it is incumbent upon a judge to disqualify herself from the proceedings.").

We review de novo the disqualification issue in this case. *See People v. Julien,* 47 P.3d 1194, 1197 (Colo.2002).

Here, we conclude that the successor judge erred in determining that the same circumstances that led the trial judge to recuse himself from defendant's other cases also existed before the commencement of trial in this case. To be sure, the litigation in this case was highly contentious; but, as the trial judge's order reveals, it was the transformation of defendant's cases into "personal grudge match[es]" that, in combination with his friendship with one lawyer, led to his recusal. The grievances, contempt citations, and criminal charges leveled by and against the opposing advocates, which formed the basis of the trial judge's recusal ruling, occurred after trial in this case concluded and before the friend appeared in the other cases.

The trial judge's order indicated that he would "have no problem" presiding in other circumstances where the friend appeared of record; as we read the record, it was in such other circumstances (i.e., unencumbered by personal grudge matches between the attorneys) that the friend appeared early in the case for a short motions hearing.

■ Even if a judge is convinced of his or her own impartiality, disqualification is nonetheless required if circumstances compromise the appearance of fairness and impartiality, such that the parties and the public are left with substantial doubt as to the ability of the judge to fairly and impartially resolve pending litigation. *See Goebel v. Benton,* 830 P.2d 995, 999 (Colo.1992); *cf. Bryce v. Episcopal Church,* 289 F.3d 648, 659 (10th Cir. 2002)(test for appearance of partiality, under analogous federal recusal statute, is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality); *United States v. Jordan,* 49 F.3d 152, 156 (5th Cir.1995)(assessment made from the perspective of a "well-informed, thoughtful and objective observer, rather than [that of a] hypersensitive, cynical, and suspicious person").

■ In *People v. Julien, supra,* 47 P.3d at 1200, the supreme court held that a judge's impartiality is not subject to reasonable question simply because, as here, the judge was formerly employed by the district attorney's office during the investigation, charging, or preparation of the case. To be disqualified, the judge "must have performed some role in the case or have obtained actual knowledge of disputed evidentiary facts of the case"—circumstances that do not exist here. *People v. Julien, supra,* 47 P.3d at 1198.

■ Nor would the judge's impartiality be reasonably called into question simply because someone the judge considers a friend appears before him or her as a lawyer in the case. *See United States v. Murphy,* 768 F.2d 1518, 1537 (7th Cir.1985)("a judge need not disqualify himself just because a friend ... appears as a lawyer"); *In re Hutter,* 221 B.R. 632, 640 (Bankr.D.Conn.1998)("A judge is neither required nor encouraged to forego

social interaction and involvement upon assuming his or her office."); *Hadler v. Union Bank & Trust Co.*, 765 F.Supp. 976, 977 (S.D.Ind.1991)(a judge's oath of office "would provide little solace to the thousands of litigants who daily seek redress of their legal claims in federal court were it supposed that judges would regularly be unable to set aside personal friendships in order to uphold the law"); *United States v. Kehlbeck*, 766 F.Supp. 707, 713 (S.D.Ind.1990)("As a professional, a judge is presumed to be capable of distinguishing his personal life from his professional obligations.... A reasonable person would and should conclude that the oaths and obligations of a judge are not so meaningless as to be overcome merely by friendship with a party's counsel."); *see also* Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* § 8.12.2, at 254–56 (1996) (discussing reasons "why mere friendship between judges and attorneys [does not] constitute a legally sufficient ground for disqualification in routine circumstances").

Nothing in the record suggests that the trial judge had the type of close relationship with the attorney that would cause an objective, disinterested observer reasonably to question the judge's ability to be impartial. *See United States v. Murphy, supra*, 768 F.2d at 1538 (only when "the association exceeds 'what might reasonably be expected' ... of an ordinary judge" does "a reasonable question about the judge's impartiality" arise).

Consequently, we conclude, contrary to the successor judge's ruling, that the circumstances were not the same and had changed between the time the friend appeared early in the case and his post-trial reentry; we further conclude that there was nothing about the friend's involvement early in the case that would have required the trial judge to recuse himself before trial or sentencing here.

In determining whether to retroactively apply the trial judge's recusal order, the successor judge considered the prejudice caused to defendant by two other factors: (1) the timing of the recusal ruling, vis-a-vis the completion of this case in the trial court, and (2) the nature of a critical decision made by the trial judge before trial, namely, to require defendant to proceed to trial without counsel. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988)(considering "risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process" in connection with Fed.R.Civ.P. 60(b) motion for relief from judgment, based on judge's failure to recuse for appearance of partiality).

However, if those factors come into play at all, they do so only after it has first been determined that a judge erred in failing to *earlier* recuse himself or herself. *See Liljeberg, supra* (trial judge should have recused himself before trial); *see also United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir.1997)(using *Liljeberg* to determine whether to vacate orders *entered after* a judge has, or should have, recused himself). *But see United States v. O'Keefe*, 169 F.3d 281, 285 (5th Cir.1999)(Dennis, J., dissenting from grant of temporary stay)(questioning whether *Liljeberg*'s Fed.R.Civ.P. 60(b) analysis applies in criminal cases).

Here, we have determined that no circumstances existed before the judge's friend appeared in the other cases which would have required recusal of the trial judge for an appearance of impropriety.

■■■ Finally, we recognize that, as the appellee, defendant "may defend the judgment on any ground supported by [the] record, whether or not the trial court relied on or considered the argument." *People v. Martinez*, 32 P.3d 520, 525 (Colo.App.2001). However, we will not determine in this appeal whether the trial judge correctly or erroneously decided various issues, including the alleged denial of counsel for defendant. The propriety of the trial court's rulings may be appealed by defendant; and whether rightly or wrongly decided, the merits of those rulings are not pertinent to the recusal issues raised in this appeal. *See People v. Lanari*, 926 P.2d 116, 119 (Colo.App.1996)(prior rulings, even if erroneous, do not alone indicate partiality); *Riva*

**860**

*Ridge Apartments v. Robert G. Fisher Co.*, 745 P.2d 1034, 1037 (Colo.App.1987)(judge's rulings, even if erroneous, numerous, and continuous, are not sufficient in themselves to show bias or prejudice).

For these reasons, we conclude that the successor judge erred in vacating defendant's judgment and sentence and granting him a new trial on recusal grounds.

Accordingly, the order is reversed, and the case is remanded to the trial court with directions to reinstate defendant's judgment of conviction and sentence.

Judge CASEBOLT and Judge KAPELKE* concur.