Sanford B. SCHUPPER, Petitioner

v.

The PEOPLE of the State of Colorado, Respondent.

No. 05SC591.

Supreme Court of Colorado, En Banc.

April 30, 2007.

Rehearing Denied May 14, 2007.

Dennis Hartley, P.C., Dennis Hartley, Colorado Springs, Colorado Attorney for Petitioner.

John R. Newsome, District Attorney, Fourth Judicial District, William Edie, Deputy District Attorney, Robyn J. Cafasso, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, Attorneys for Respondent.

Justice EID delivered the Opinion of the Court.

In *People v. Julien*, 47 P.3d 1194 (Colo. 2002), we held that a trial court judge's prior employment as a district attorney did not automatically require the judge's disqualification from a criminal matter. The mere existence of such a professional relationship is not sufficient to create either actual bias or the appearance of impropriety.

Today we apply our holding in *Julien* to personal relationships. We hold that the mere existence of a trial court judge's friendship with a member of a prosecution team, by itself, does not create either actual bias or the appearance of impropriety. Rather, as in *Julien*, we must look to the specific circumstances of the case in order to determine whether the closeness of that friendship and the extent of the friend's involvement in the underlying case are of such intensity as to require the judge's disqualification.

Applied to the facts of this case, we hold that a judge is not required to disqualify himself where a friend with whom the judge has little present social involvement makes a single appearance before the judge on behalf of the district attorney's office. The court of appeals was correct to reverse the ruling of a successor trial court judge that disqualification was necessary under these circumstances.

## I.

In the case before us, Petitioner Sanford B. Schupper was charged in El Paso County District Court with a single count of felony theft. Judge Larry Schwartz, a former El Paso County district attorney, presided over Schupper's case. Judge Schwartz also presided over four separate criminal cases filed against Schupper. In the course of the proceedings in this case, Schupper filed three motions to disqualify Judge Schwartz on grounds ranging from the judge's previous employment as a district attorney to actual bias arising from Judge Schwartz's refusal to appoint counsel for Schupper. Judge Schwartz denied each of these motions.

Schupper's case was tried to a jury in March 2002. The trial court denied Schupper's request for court-appointed counsel, and Schupper represented himself at trial. The jury convicted Schupper and the trial court sentenced him to six years' imprisonment. Schupper appealed his conviction.

While his conviction was on appeal, Schupper moved for Judge Schwartz's disqualification from the four other criminal cases filed against him. Judge Schwartz granted the motion, but on different grounds from those raised by Schupper.[1] Instead, Judge Schwartz disqualified himself from those cases for two reasons: (1) the recent addition to the prosecution team of his former supervisor at the district attorney's office, whom Judge Schwartz considered a friend, and (2) his belief that the level of animosity between the prosecution and Schupper's counsel in those cases had become "something of a personal grudge match." Judge Schwartz stated:

> [My friend and former supervisor] has recently entered his appearance on behalf of the prosecution. He was my supervisor in the past at the [district attorney's] office. While we have little social involvement at present, I consider him a friend. It ap-

pears that the personal antagonism between counsel demonstrated in the past will continue. While I would not have problems dealing with these various personal issues among other counsel, I will feel uncomfortable handling them if [my friend and former supervisor] is involved. Likewise, the Court would have no problem dealing with one of [my friend and former supervisor's] cases in which similar personal issues were not involved. However, I conclude that under these present circumstances it would create an appearance of impropriety if I retain these cases.

Based on Judge Schwartz's disqualification, Schupper filed a motion with the court of appeals requesting a limited remand to determine whether the disqualification should be applied retroactively to Schupper's conviction. Schupper noted that the same member of the prosecution team with whom Judge Schwartz is a friend—Judge Schwartz's former supervisor in the El Paso County District Attorney's Office—also appeared at a February 1997 hearing in this case. The court of appeals granted Schupper's request and ordered a limited remand to another trial court judge (the "Successor Judge") to hear the disqualification motion.

Following a hearing, the Successor Judge held that Judge Schwartz should be retroactively disqualified from this case, and on this basis the Successor Judge set aside Schupper's conviction and ordered a new trial. The Successor Judge primarily based his ruling on the same two factors that Judge Schwartz offered when he disqualified himself in the unrelated criminal actions: (1) Judge Schwartz's friendship with his former supervisor, and (2) the level of animosity between Schupper's counsel and the district attorney's office. The Successor Judge expressly found that Judge Schwartz's former supervisor appeared at a single hearing held in Schupper's case in February 1997.[2]

---

1. The grounds originally asserted, and ultimately rejected by Judge Schwartz, included allegations that Judge Schwartz is a named victim in an offense charged against Schupper, Judge Schwartz potentially could be a witness in other cases pending against Schupper, Judge Schwartz was inconsistent in his rulings on indigency for purposes of providing counsel, and Judge

Schwartz ignored repeated acts of prosecutorial misconduct.

2. Our review of the record reveals that, in addition to the supervisor's appearance at the February 1997 hearing, the supervisor's name also appears in the captions of two pleadings filed by the People in Schupper's case in 2001. The

Based on these facts, the Successor Judge held that "the circumstances upon which Judge Schwartz relied to disqualify himself were true from the time the case was first assigned to him," and therefore required his disqualification in this case. The Successor Judge also indicated that Judge Schwartz's order compelling Schupper to proceed pro se added to the appearance of partiality, further requiring retroactive disqualification.

Relying on the Successor Judge's order vacating Schupper's conviction and ordering a new trial, the court of appeals dismissed Schupper's appeal of his (now vacated) theft conviction without prejudice. The prosecution appealed the Successor Judge's order vacating the conviction, and it is this limited issue that is before us today. The merits of the other issues raised in Schupper's appeal of his conviction were left undecided by the court of appeals and are not before us.

The court of appeals reversed the Successor Judge's order in a published opinion. *People v. Schupper*, 124 P.3d 856 (Colo.App. 2005). The court of appeals held that the Successor Judge erred by finding "the same circumstances that led the trial judge to recuse himself from defendant's other cases also existed before the commencement of [the March 2002] trial in this case." *Id.* at 858. Instead, the court noted that "it was the transformation of defendant's cases into 'personal grudge match[es]' that, in combination with his friendship with one lawyer, led to his recusal." *Id.* The court determined that "there was nothing about the friend's involvement early in [this] case that would have required the trial judge to recuse himself before trial or sentencing," *id.* at 859, noting in particular that the animosity cited by Judge Schwartz arose in the other criminal cases after Schupper's conviction in this case. Finally, the court refused to determine whether the trial judge should have forced Schupper to proceed pro se in his March 2002 trial, stating, "whether rightly or wrongly decided, the merits of those rulings are not pertinent to the recusal issues raised in this appeal." *Id.*

We granted Schupper's petition for a writ of certiorari to consider whether the court of appeals was correct to reverse the Successor Judge's order vacating Schupper's judgment of conviction. For reasons explained below, the Successor Judge erred by finding that Judge Schwartz should have disqualified himself before Schupper's trial and sentencing. We therefore affirm the court of appeals' opinion. Once the trial court has reinstated the conviction and sentence, Schupper may proceed to file a direct appeal challenging his conviction on grounds other than those resolved by this opinion.

## II.

■ Colorado law offers three interrelated guideposts for judicial disqualification: Colorado Rule of Criminal Procedure 21(b), section 16–6–201 of the Colorado Revised Statutes, and Canon 3 of the Colorado Code of Judicial Conduct. Rule 21(b) and section 16–6–201 both provide that a judge should disqualify himself upon a showing that he "is in any way interested or prejudiced with respect to the case, the parties, or counsel." Canon 3 of the Code of Judicial Conduct is slightly more expansive, stating:

> A judge should disqualify himself or herself in a proceeding in which the judge's partiality might reasonably be questioned, including but not limited to instances where ... [a] judge has a personal bias or prejudice concerning a party ... [or] a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter....

As explained by the official comment to Canon 3, "a judge formerly employed by a governmental agency ... should disqualify himself or herself in a proceeding if the judge's impartiality might reasonably be questioned because of such association."

■ We interpreted Canon 3 in *Julien*, 47 P.3d 1194, where we held that a judge should not be disqualified simply because, as here, the judge formerly was employed by a district attorney's office. In fact, *Julien* went further by holding that a judge is not subject

---

supervisor did not sign the pleadings, however, and neither Schupper nor the Successor Judge

cited these pleadings as evidence of the supervisor's involvement in Schupper's case.

to disqualification even where, as here, he was employed by the district attorney's office when the case at issue was initiated. *See Julien,* 47 P.3d at 1198. Disqualification only is required where the judge performed a role in the case or has personal knowledge of disputed matters arising from his prior employment. *See id.*

█ In this case, Schupper does not allege—and the record does not reveal—any fact suggesting that Judge Schwartz knew about this case while he was employed at the El Paso County District Attorney's Office.[3] Rather, Schupper relies upon the Successor Judge's finding that Judge Schwartz's personal friendship with his former supervisor, along with the "level of animosity" between Schupper and the district attorney's office, created an appearance of partiality that required Judge Schwartz's retroactive disqualification. In this respect, the Successor Judge relied upon the two factors offered by Judge Schwartz when he disqualified himself from the four other cases involving Schupper. But the Successor Judge applied these factors to an entirely different context—Schupper's case before us today. In *this* case, Judge Schwartz's friend appeared only at a single hearing held more than five years before Schupper's trial.

While *Julien* dealt with a different factual issue of judicial disqualification based on prior employment, our legal analysis in that case is instructive here because it establishes that the mere existence of a relationship—whether personal or professional—is insufficient grounds for disqualification. *See id.* at 1199. Rather, it is the closeness of the relationship and its bearing on the underlying case that determines whether disqualification is necessary.

█ In our view, the Successor Judge erred in conducting the disqualification analysis by failing to consider either the closeness of the friendship between Judge Schwartz and his former supervisor or his former supervisor's minor involvement in this case, and mistakenly found that the mere existence of the friendship required disqualification. A number of federal courts have rejected the per se rule applied by the Successor Judge, and instead have held that disqualification is not automatically required whenever a judge shares a friendship with a lawyer appearing before him.[4] *See, e.g., Henderson v. Dep't of Pub. Safety & Corrections,* 901 F.2d 1288, 1295 (5th Cir.1990); *United States v. Murphy,* 768 F.2d 1518, 1537 (7th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986). Determining whether disqualification is necessary because of friendship between the judge and an attorney requires a case-by-case inquiry. *See Murphy,* 768 F.2d at 1538 (stating that "[s]ocial relations take so many forms that it would be imprudent to gauge all by a single test"); *cf. Osborn v. Dist. Court,* 619 P.2d 41, 47 (Colo.1980) (explaining the need for a "careful case by case review" in disqualification matters). A rule requiring a judge to disqualify himself whenever a friend appears before him would be unnecessarily restrictive in a community where friendships among judges and lawyers are common. *See Murphy,* 768 F.2d at 1537. Therefore, we look for those situations where the friendship is so close or unusual that a question of partiality might reasonably be raised. *See id.* at 1538 (concluding "that an objective observer reasonably would doubt the ability of a judge to act with utter disinterest and aloofness when he was such a close friend of the prosecutor that the families of both were just about to take a joint vacation").

Nothing in the record below shows such a close friendship. In fact, Judge Schwartz stated in his disqualification order that he had "little social involvement at present" with his former supervisor. In our view, a friendship devoid of any current social involvement does not rise to the level of requiring Judge

---

**3.** In fact, the Successor Judge noted in his order that the parties stipulated that Judge Schwartz had no involvement in—or knowledge of—the case stemming from his prior employment.

**4.** Because the United States Code also mandates that a judge recuse in a proceeding in which his

or her impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a), we find instructive federal precedent interpreting the federal statute governing judicial recusal. *See Julien,* 47 P.3d at 1198.

Schwartz's disqualification from the present case. To hold otherwise would be to adopt by implication the very per se rule concerning relationships that we expressly rejected in *Julien.*

The Successor Judge also did not consider the extent of the former supervisor's involvement in this case, an important factor in determining whether Judge Schwartz's friendship with his former supervisor would create either bias or the appearance of partiality. *Cf. United States v. Watt,* Nos. 95–50331 & 96–50408, 1998 WL 180402, at *2 (9th Cir. Apr.16, 1998) (unpublished) (finding no error in the judge's refusal to disqualify himself from a criminal matter where he previously prosecuted the accused while employed as a district attorney, since the judge only "played a very minor role" in that prosecution); *Corn v. State,* 659 N.E.2d 554, 556 (Ind.1995) (holding that disqualification of a district attorney was unnecessary despite his prior representation of a criminal defendant, because the district attorney "had only a minimal role at the pre-trial hearing in the current case"). Judge Schwartz's friend appeared in this case on only a single occasion in February 1997—more than five years before Schupper's trial. It was not until after Schupper had been convicted and sentenced in this case that Judge Schwartz's friend became a more permanent fixture in the prosecution's team in the other criminal cases pending against Schupper. While Judge Schwartz may have believed it necessary to disqualify himself from Schupper's unrelated criminal cases when his friend became more closely involved in the prosecution, he was not required to do so in this case when his friend was at best only tangentially involved.

The Successor Judge further found that the level of animosity between the prosecution and Schupper's counsel in the other unrelated cases was an important factor in requiring Judge Schwartz's retroactive disqualification from this case. But even if the Successor Judge was correct to find that this case was particularly hostile, our holding is the same: a judge is not required to disqualify himself when a personal friend with whom he has little social involvement makes a single appearance in a case, even a contentious one.

■ In sum, we do not believe that Judge Schwartz's disqualification in the four unrelated criminal cases involving Schupper required his retroactive disqualification from this case. As a matter of law, a judge is not required to disqualify himself where a personal friend, with whom the judge has little present social involvement, enters a single appearance on behalf of one of the parties. The Successor Judge's failure to consider the closeness of the relationship and the extent of the friend's involvement in the case before us today led him to conclude—erroneously, we find—that disqualification was required.[5] We hold that disqualification was not required at the time of trial in this case, and therefore we affirm the court of appeals' reversal of the Successor Judge's order and reinstatement of Schupper's conviction and sentence. Schupper now will have the opportunity to advance his remaining challenges to his conviction and sentencing on direct appeal, since his original appeal was dismissed without prejudice on account of the Successor Judge's order.

Because we find that the retroactive disqualification was improper in this case, we need not decide whether Colorado law permits retroactive judicial disqualification and, if it does, what the defendant must show in order for a conviction to be vacated based on a post-judgment motion for disqualification. We expressly leave those questions for another day.

5. The Successor Judge also erred by suggesting that Judge Schwartz's decision to compel Schupper to proceed pro se contributed to an appearance of partiality. An indigency determination, like the one made by Judge Schwartz in this case, generally is insufficient to show bias. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal."); *Saucerman v. Saucerman,* 170 Colo. 318, 326, 461 P.2d 18, 22 (1969) ("[R]ulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice."). Whether Judge Schwartz was correct in his ruling is a decision left for Schupper's direct appeal.

### III.

For the foregoing reasons, we affirm the court of appeals' decision instructing the trial court to reinstate defendant's judgment of conviction and sentence.

Justice BENDER dissents, and Chief Justice MULLARKEY and Justice MARTINEZ join in the dissent.

Justice BENDER, dissenting.

### I.

Since his friend and former supervisor was now a member of the prosecution team, Judge Schwartz recused himself stating that he was uncomfortable continuing to sit on Schupper's case because of the level of antagonism between counsel for the defense and prosecution. At the time he recused himself, Judge Schwartz had previously denied four defense recusal motions. He finally recused himself after Schupper's conviction and sentencing on grounds not raised by Schupper. Judge Schwartz's recusal order reflects that he was "uncomfortable" because of the personal attacks directed at his friend and former supervisor, thereby raising a personal conflict which might prevent him from being fair to Schupper.

His statements reflect his subjective feelings and do not reveal a concern that neutral observers might question his ability to be fair because of his relationship with his former supervisor. In effect, Judge Schwartz was saying: I don't feel good continuing to sit on this case and therefore will step down. His statement did not indicate an appearance of bias. The effect of an appearance of bias would be to say to both parties: Even though I feel that I can be fair, others may reasonably question my impartiality and thus, I will step down.

On remand from the court of appeals, the Successor Judge found that the same circumstances which existed at the time Judge Schwartz recused himself—that is, the high level of animosity between the district attorneys and Schupper's counsel, and the friendship between Judge Schwartz and a member of the prosecution team—existed when Judge Schwartz was initially assigned to Schupper's case. Therefore, the Successor Judge ordered that Judge Schwartz's recusal be retroactive, and ordered a new trial for Schupper.

In my view, this statement by the Successor Judge represents a finding of fact to which we should defer. The record supports this statement. The Successor Judge's finding that the same circumstances existed when Judge Schwartz recused himself existed much earlier in the case, when coupled with Judge Schwartz's admission of actual bias, lead me to conclude that the Successor Judge ruled correctly that Judge Schwartz should be retroactively recused and Schupper should have a new trial. Hence, I respectfully dissent.[1]

### II.

From its inception in 1996, this case involved a high degree of antagonism between the defense and the prosecution leading up to Judge Schwartz's recusal order in January 2003. A recital of a few salient facts establishes the almost unparalleled degree of contentiousness that existed between the parties.

Judge Schwartz was appointed to the bench in January 1997 after serving as a district attorney for the same office prosecuting Schupper. During part of Judge Schwartz's tenure as a deputy district attorney, one of the district attorneys on Schupper's case was Judge Schwartz's supervisor in the economic crimes division, which consisted of only two or three attorneys, and Judge Schwartz considered him to be a personal friend.

In Schupper's motion on remand to recuse Judge Schwartz, he stated that the antago-

---

1. The majority characterizes the Successor Judge's conclusion that Judge Schwartz should have recused himself as a "per se rule" that disqualification is required because of the "mere existence of the friendship." Maj. op. at 520. I agree with the majority that such a per se rule would be inappropriate because the inquiry regarding an appearance of impropriety based on a judge's friendship with counsel should be a fact-based analysis, but disagree that the Successor Judge applied such a per se rule in making his disqualification determination.

nism between the defense and prosecution began in 1996 when the district attorneys caused the public defenders representing Schupper to withdraw because of a conflict of interest since the district attorneys named them as witnesses against Schupper on perjury charges. A similar conflict arose in 2001 and the public defenders were again forced to withdraw. Then, in 2002, the district attorneys filed a grievance and a motion for contempt sanctions against Schupper's new court-appointed attorney.

The record contains additional instances of animosity among counsel. In November 2001, Schupper moved to appoint a special prosecutor because of the district attorneys' "vindictive mode of prosecution." In 2002, before Schupper was sentenced, the personal conflicts between counsel grew as Schupper filed a motion for a protective order and sanctions against the district attorney's office, and for a referral to the Office of Attorney Regulation. On the day Schupper was sentenced, he again moved for the appointment of a special prosecutor to investigate and to prosecute the district attorneys for the crimes of criminal impersonation and subordination of perjury, a motion which Judge Schwartz denied.

Before Judge Schwartz recused himself, his friend and former supervisor appeared in court on behalf of the People to argue a motion and filed a motion seeking contempt against Schupper's court-appointed attorney, who was also the subject of the grievance. Judge Schwartz's friend's name also appears on an emergency motion to revoke Schupper's bond and on a response to a defense motion regarding the perjury charges against Schupper.

Recusal is required where the facts stated in the motion to recuse, taken as true, establish either a judge's actual bias or an appearance of partiality. See § 16–6–201(3), C.R.S. (2006) ("If the verified motion and supporting affidavits state facts showing grounds for disqualification, the judge must enter an order disqualifying himself."); *People v. Botham*, 629 P.2d 589, 595 (Colo.1981), *superseded by rule on other grounds*, C.R.E. 104, *as recognized in People v. Garner*, 806 P.2d 366 (Colo.1991).

Actual bias arises where "a judge has a bias or prejudice that in all probability will prevent him or her from dealing fairly with a party." *People v. Julien*, 47 P.3d 1194, 1197 (Colo.2002). This type of "bent of mind" is an inclination to favor one party over another. *Botham*, 629 P.2d at 595. Actual bias exists when a judge is subjectively unable to proceed impartially. Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* § 3.2 (2d ed.2007) (actual bias refers to the " 'attitude' or 'state of mind' of a judge who cannot be trusted to act in a detached and impartial manner").

For the appearance of partiality based on a personal relationship with counsel, the objective test is whether a reasonable person would believe that a judge is unable to proceed impartially in a case because of that relationship. *See Botham*, 629 P.2d at 595 ("Even where the trial judge is convinced of his own impartiality, the integrity of the judicial system is impugned when it appears to the public that the judge is partial."); Flamm, *supra*, § 5.6.1 (noting that a majority of courts hold that "when a judge's impartiality might reasonably be questioned by others, it is ordinarily his duty to recuse himself without regard to his own subjective belief that he can dispense justice fairly and equitably.") (footnotes omitted).

In his recusal order, Judge Schwartz stated that the involvement of his friend and former supervisor in a small office caused him to be partial:

It appears that the personal antagonism between counsel demonstrated in the past will continue. While I would not have problems dealing with these various personal issues among other counsel, *I will feel uncomfortable handling them if [my friend and former supervisor] is involved.*

(emphasis added). This is an admission of subjective, actual bias, not an objective appearance of partiality. Judge Schwartz recused himself based on his subjective feelings of discomfort with the situation; but not because he believed the circumstances created an appearance of partiality to an objective observer.

The Successor Judge, like Judge Schwartz, concluded that this case created only an appearance of partiality requiring recusal.[2] The Successor Judge also made a factual finding that "the circumstances upon which Judge Schwartz relied to disqualify himself were true from the time the case was first assigned to him" and "were true at the time the various motions to recuse were filed." In making this factual finding, the Successor Judge cited several poignant facts: that Judge Schwartz considered one of the district attorneys to be a personal friend; that he had been Judge Schwartz's supervisor during his tenure as a deputy district attorney in the economic crimes division; and that Judge Schwartz's friend and former supervisor had appeared at a motions hearing on Schupper's case on February 20, 1997.[3]

The legal conclusion of whether recusal was necessary is reviewed on appeal using a de novo standard of review. *Julien,* 47 P.3d at 1197. Factual findings of the trial court, however, are given deference. A reviewing court may not disturb the factual findings of the trial court unless they are clearly erroneous, meaning that the findings are not supported by the facts in the record. *E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18, 22 (Colo.2000); *Page v. Clark,* 197 Colo. 306, 592 P.2d 792, 796 (1979).

There is adequate support in the record for the Successor Judge's factual findings that (1) the animosity between the district attorneys and Schupper's attorneys was present from the outset of Schupper's case, and (2) Judge Schwartz's friend and former supervisor was involved in Schupper's case beginning in 1997. Hence, I would not disturb these findings.

Turning to the standard for retroactive recusal, disqualification should be retroactive where there is actual bias or prejudice on the part of the judge. *See* Flamm, *supra,* § 22.6; *In re Armstrong,* 294 B.R. 344, 360 (B.A.P. 10th Cir.2003) (holding that "orders entered prior to a recusal may be voided if the injured party can show that the judge should have recused herself and failed to do so"); *United States v. Murphy,* 768 F.2d 1518, 1541 (7th Cir.1985) (holding that "[j]udicial acts taken before the motion [to recuse] may

2. In footnote 5 of the majority opinion, maj. op. at 521, the majority states that the Successor Judge's "decision to compel Schupper to proceed pro se [at trial] contributed to an appearance of partiality." The Successor Judge stated that Judge Schwartz compelled Schupper to proceed pro se at trial and then upon conviction appointed counsel to represent him at sentencing. To the extent that this fact contributed to the Successor Judge's determination of bias, I agree with the majority that this was a ruling on the merits and is probably a fact irrelevant to our inquiry. However, I note that the details surrounding Schwartz's denial of counsel and subsequent reversal are not part of this appeal. On the surface, such a dramatic reversal by the trial court—first eliminating the constitutional right to counsel based on a determination that the defendant is not indigent, and then finding after conviction that the defendant is indigent and providing counsel for the purposes of sentencing—merits some form of appellate inquiry, albeit not here.

3. The Successor Judge's Order Upon Remand By the Court of Appeals states, in relevant part:

In this case, [Schupper] filed motions to recuse before and after the trial of this case which were denied [] by Judge Schwartz.... On January 3, 2003, approximately 6 months later,

Judge Schwartz granted a motion to recuse finding that the level of animosity between counsel and the appearance of [Judge Schwartz's friend and former supervisor] in the case created an appearance of partiality. In his ruling the Judge noted that [this district attorney] was a personal friend and had been his supervisor during his tenure as a Deputy District Attorney assigned to the Economic Crimes Division. In fact [Judge Schwartz's friend and former supervisor] appeared at a motion hearing on one of the cases against [Schupper] on February 20, 1997. While the cases against [Schupper] were being investigated and filed Judge Schwartz was serving as a Deputy District Attorney. The parties stipulate he had no involvement with the case and no knowledge of any of the facts of the case.... In recusing himself on January 3, 2003 Judge Schwartz noted that his personal friendship and prior practice association with [this district attorney] as his supervisor in the District Attorney's Office created a circumstance where his impartiality might reasonably be questioned. *Because the circumstances upon which Judge Schwartz relied to disqualify himself were true from the time the case was first assigned to him and [] were true at the time the various motions to recuse were filed, the decision to recuse should have been made before the trial and sentencing in this case.*

not later be set aside unless the litigant shows actual impropriety or actual prejudice"). The actual bias to which Judge Schwartz admitted in his recusal order extended to the outset of Schupper's case. For this reason, I would remand this case for a new trial before a different judge.

I am authorized to state that Chief Justice MULLARKEY and Justice MARTINEZ join in this dissent.