25CA1020 Salter v Discover Health 04-23-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1020
El Paso County District Court No. 23CV209
Honorable Gregory R. Werner, Judge

Adam J. Salter,

Plaintiff-Appellant,

v.

Discover Health LLC,

Defendant-Appellee.

APPEAL DISMISSED IN PART
AND JUDGMENT AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Welling and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

Adam J. Salter, Pro Se

Colorado Law Group, Christopher G. Wilhelmi, Colorado Springs, Colorado, for
Defendant-Appellee

¶ 1     Adam J. Salter appeals the trial court's entry of judgment in favor of, and award of attorney fees and costs to, Discover Health LLC.  We dismiss this appeal, in part, for lack of jurisdiction and otherwise affirm.

## I.     Background

¶ 2     Representing himself, Salter filed a civil action against Discover Health in June 2023.  He asserted eleven claims for relief relating to his former employment with Discover Health.

¶ 3     In August and September 2023, Salter, who had relocated from Colorado to New York, filed motions for leave to appear at trial remotely, arguing that appearing in person at a trial in Colorado Springs would present a hardship for him, in part, because of his financial condition.  The trial court took no action on the motions, noting that "anyone wishing to appear by WebEx [sic] must make a request to do so no later than 7 days prior to the time of the hearing at issue."

¶ 4     The court set the case for a two-day bench trial on June 24 and 25, 2024.

¶ 5     On June 10, 2024, Salter, then represented by counsel, filed another motion to attend the trial remotely.  In such motion, Salter

argued, among other reasons, that he had sustained "emotional, mental, and other injuries" as a result of Discover Health's actions; that returning to Colorado Springs, where he had worked for Discover Health, would "dramatically detriment his health"; and that he could not leave New York because of "an unexpected family emergency."

¶ 6 On June 12, the trial court entered an order denying the motion. In its order, the court explained that "[w]hile the [c]ourt has allowed witnesses to appear for trial virtually, the [c]ourt has never permitted a party to appear for trial virtually unless COVID19 protocols were in place statewide. No such protocols are currently in place and have not been in place for at least two years." The court noted that, because Salter "brought this claim in a Colorado court," he was "expected to be present in person," and Discover Health "may be prejudiced by [Salter's] failure to be present in person for trial."

¶ 7 Two days later, Salter filed an emergency motion to continue trial, which the trial court granted. The court ordered Salter to reset the case for trial within twenty-one days and reiterated that

"Salter w[ould] still be required to appear in person for [the] trial date."

¶ 8     Salter failed to set the case for trial as ordered. In September 2024, the trial court reset the case for trial on February 24, 2025, and scheduled a pretrial readiness conference for January 23 (the January conference). In its notice of trial, the court said that the parties "w[ould] be required to be present in person for that trial" but added that they could attend the January conference virtually.

¶ 9     Two days before the January conference, Salter, self-represented again, filed another motion to continue the trial, asserting that he was experiencing medical issues and had scheduled surgery for late January or early February.

¶ 10    Salter failed to appear at the January conference.

¶ 11    The trial court denied Salter's motion for continuance, observing that he had not provided documentation to support his stated need to continue the trial. The trial court further noted that Salter failed to comply with the court's order requiring him to reset the case for trial and awarded Discover Health $271.50 in attorney fees for Salter's failure to appear at the January conference (the January fees award). The court expressly warned, "[I]f [Salter] fails

3

to appear in person for the trial as previously ordered, his complaint *will be dismissed with prejudice.*" (Emphasis added.)

¶ 12     The court vacated the February 2025 trial date after Salter submitted a doctor's note detailing his medical condition.

¶ 13     In March 2025, Salter filed yet another motion to appear at trial remotely. He asserted in that motion that he was "under the poverty line," questioned whether he could "receive adequate health care while in Colorado," and said he feared for "the health and safety of himself and his property" in Colorado.

¶ 14     The trial court denied the motion, noting that Chief Justice Directive 23-03, Virtual Proceedings Policy, section IV(a)(1)(b) (effective Aug. 1, 2023), "*require*[s] an [i]n-[p]erson appearance unless the court finds good cause." (Emphasis added.) And it said, "The [c]ourt does not find Salter's reasons to constitute good cause warranting his remote appearance at trial. As the [c]ourt has stated on a number of occasions, Salter will be required to attend trial in person."

¶ 15     On April 18, 2025, the trial court reset the trial for May 19, 2025. The court again expressly ordered the parties to appear in person for trial.

¶ 16    Salter failed to appear at trial, however.

¶ 17    That same day, the trial court issued an order dismissing Salter's complaint with prejudice (the dismissal order) and awarding Discover Health its reasonable attorney fees "associated with preparation of trial and for its appearance," as well as its costs as the prevailing party. The court ordered Discover Health to submit its request for attorney fees and costs "no later than June 9, 2025." Discover Health never filed such a request, and the court never fixed the amount of attorney fees and costs to which Discover Health was entitled for Salter's failure to appear at trial.

¶ 18    As best as we can discern, Salter contends on appeal that the trial court erred by awarding attorney fees and costs to Discover Health, the judgment against him should be set aside due to judicial bias, and he is entitled to discovery responses from Discover Health under a promissory estoppel theory. Salter does not appear to challenge the trial court's dismissal of his complaint as a consequence of his failure to appear at trial.

5

## II.    Analysis

### A.    Attorney Fees and Costs

¶ 19    Salter appeals the trial court's award of attorney fees and costs to Discover Health, although he does not specify whether he is challenging the January fees award, the fees and costs that the trial court awarded in the dismissal order, or both.

¶ 20    Salter generally contends that the court's award of attorney fees and costs to Discover Health is "unlawful under [section] 13-17-101 et seq." and should be "vacated and an award and other equ[it]able relief be issued to [him]." We dismiss, without prejudice, Salter's appeal of the attorney fees and cost award component of the dismissal order, but we affirm the January fees award. (We note that neither of the court's attorney fees awards was premised on section 13-17-101, C.R.S. 2025, or 13-17-102, C.R.S. 2025.)

¶ 21    "We review a trial court's decision to award attorney fees and costs for an abuse of discretion." *Mosley v. Daves*, 2025 CO 80, ¶ 55, 580 P.3d 584, 595. A district court abuses its discretion if its ruling misconstrues or misapplies the law or is manifestly arbitrary, unreasonable, or unfair. *Trinidad Area Health Ass'n v. Trinidad Ambulance Dist.*, 2024 COA 113, ¶ 35, 562 P.3d 928, 935.

¶ 22    An award of attorney fees or costs — which is distinct and
separately appealable from a judgment on the merits — is not final
until the trial court has determined the amount of the fees or costs
to be awarded.  *See USIC Locating Servs. LLC v. Project Res. Grp.,
Inc.*, 2023 COA 33, ¶ 34, 532 P.3d 770, 775-76; *cf. Sinclair Transp.
Co. v. Sandberg*, 2014 COA 75M, ¶ 14, 350 P.3d 915, 920 (holding
that no money judgment is entered when attorney fees are awarded
"to shift the burden of litigation" until "the court enters a final order
quantifying the amount of fees or costs" (citation omitted)).  "[O]ur
jurisdiction is limited to review of final judgments or orders."  *USIC
Locating Servs. LLC*, ¶ 34, 532 P.3d at 775.

¶ 23    Because the court never fixed the amount of fees and costs
awarded to Discover Health in the dismissal order, we lack
jurisdiction over Salter's appeal of such award.  Accordingly, we
dismiss that portion of Salter's appeal, without prejudice.  Salter
may appeal the court's award of attorney fees and costs to Discover
Health in the dismissal order if and when the court determines the
amount of those fees and costs.  *See id.*; *Woodall v. Godfrey*, 2024
COA 42, ¶ 51 n.8, 553 P.3d 249, 263 n.8.

¶ 24 To the extent Salter appeals the January fees award, we conclude that the trial court did not abuse its discretion by awarding attorney fees and costs to Discover Health for Salter's failure to appear at the January conference. C.R.C.P. 16.5(c) expressly allows a court to award attorney fees for a party's "[f]ailure to appear at a pretrial conference," and the court made sufficient findings to support the amount of attorney fees it awarded to Discover Health. *See* C.R.C.P. 121, § 1-22(2).

¶ 25 For these reasons, we dismiss, without prejudice, Salter's appeal of the attorney fees and cost award in the dismissal order and affirm the January fees award.

### B. Salter's Motion for Change of Judge

¶ 26 Salter next contends that the trial court harbored "bias and prejudice" against him, in violation of Colorado Code of Judicial Conduct Rule 2.3(B). Salter argues that the trial court's "reluctance to allow [him] to appear remotely after previously leading parties to believe trial [would be] virtual" prejudiced him and requests "relief from judgment."

¶ 27 Whether a district court judge had a duty to recuse himself is "a question of law we review de novo." *Richardson v. People*, 2020

CO 46, ¶ 22, 481 P.3d 1, 5.  "The party asserting that a trial judge was biased 'must establish that the judge had a substantial bent of mind against him or her.'"  *People in Interest of A.P.*, 2022 CO 24, ¶ 30, 526 P.3d 177, 183-84 (quoting *People v. Drake*, 748 P.2d 1237, 1249 (Colo. 1988)).  "The record must clearly demonstrate the alleged bias."  *Id.*  "Bare assertions and speculative statements are insufficient to satisfy the burden of proof."  *Id.*

¶ 28    "[A]dverse legal rulings by a judge are unlikely to provide grounds for a bias claim, as they are proper grounds for appeal, not for recusal."  *Id.* at ¶ 32, 526 P.3d at 184.  "[R]ulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice."  *Id.* (quoting *Schupper v. People*, 157 P.3d 516, 521 n.5 (Colo. 2007)).

¶ 29    In October 2024, Salter filed a motion for a change of judge under C.R.C.P. 97, which says that "a judge shall be disqualified in an action in which he is interested or prejudiced."  Salter supported his motion with an affidavit that he said "outline[d] a timeline of events where [he] provided counsel for case management, form and format, discovery and disclosure, and other rules of procedure by Judge and Division which has [led] to an expansion of litigation,

9

increase[d] costs, delay, and a [deprivation] of rights." In the motion, Salter requested "costs, fees, and associated damages."

¶ 30    The trial court found,

> Salter's affidavit does not address any of the grounds which would serve as a basis for removal of a judge . . . . Salter seems to be unhappy that he will be required to appear in person for trial in a case he initiated even though Section IV(A) of Chief Justice Directive 23-03 clearly states court trials are presumptively in person. It is clear Salter disagrees with some of the [c]ourt's rulings and procedure. However, none of this serves as a basis for recusal in this case.

The trial court denied Salter's motion because "[r]ulings of a judge, even if erroneous and continuous, are not sufficient to show such bias or prejudice as would disqualify a judge."

¶ 31    Salter's motion exclusively rested on his dissatisfaction with certain of the trial judge's rulings. He did not point to, and the record does not contain, any evidence that the trial judge "had a substantial bent of mind" against him, *Drake*, 748 P.2d at 1249, or "a personal bias or prejudice concerning" him, *People v. Jennings*, 2021 COA 112, ¶ 20, 498 P.3d 1164, 1170-71 (quoting C.J.C. 2.11(A)(1)). (Moreover, Salter does not cite any legal

10

authority, and we are aware of none, entitling a party to "costs, fees, and associated damages" as a remedy for judicial bias.)

¶ 32    And contrary to Salter's assertion in his opening brief that the court demonstrated "purposeful ignorance" towards his pleadings and motions, the record shows that the court duly considered and appropriately responded to each of Salter's filings.

¶ 33    For these reasons, we affirm the trial court's denial of Salter's motion for new judge.

## C.    Salter's Discovery Violation Claim

¶ 34    As best we can tell, Salter's final contention is that, during discovery, Discover Health wrongfully withheld information that would "show the true nature of [Salter's] termination" from Discover Health and that it had engaged in "interference and obstruction." Salter requests relief under the doctrine of promissory estoppel because he says he detrimentally relied on Discover Health's "fair participation" in the litigation.

¶ 35    First, we note that promissory estoppel is a principle of contract law. *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008).  Thus, promissory estoppel is not a remedy for a discovery violation.

11

¶ 36    Second, it is within the trial court's discretion to determine whether a party committed a discovery violation or engaged in a pattern of discovery violations.  *See People v. Tippet*, 2023 CO 61, ¶¶ 41-45, 539 P.3d 547, 556-57.

¶ 37    To support his contention, Salter refers to two C.R.C.P. 37 motions he filed to compel Discover Health to produce certain employee records and emails, as well as his "Petition for Summary Judgment on Abuse of Process by [Discover Health]."  In his motions and petition, Salter claimed that Discover Health delayed providing discovery responses to him; withheld documents to which Salter was entitled; willfully ignored evidence, pleadings, and orders; and made false statements in its responses to Salter's discovery motions.  He argued that Discover Health's discovery violations resulted in "unavoidable" increased costs and "expansion of litigation"; caused him damages; embarrassed and humiliated him; and rendered him "unable to litigate."

¶ 38    The trial court denied Salter's discovery motions and instructed Discover Health that it

> need not respond to any future motions filed
> by Salter unless specifically ordered to do so
> by the [c]ourt.  The [c]ourt may not issue

orders regarding Salter's motions in the future. If the [c]ourt does not rule on a motion, the parties should interpret that action as a denial of the motion.

¶ 39     The court separately denied Salter's summary judgment petition and noted that "a motion for summary judgment is to determine whether any material facts are disputed — not to resolve [discovery] disputes or to assess the credibility of the parties."

¶ 40     We perceive no abuse of discretion in the court's rulings on these discovery issues. Accordingly, we affirm the court's denial of Salter's discovery motions and summary judgment petition.

### III.     Discover Health's Request for Appellate Attorney Fees and Costs

¶ 41     Discover Health requests an award of its reasonable appellate attorney fees and costs because, it submits, Salter's appeal is "frivolous and groundless" under C.A.R. 39(a)(1). But an unsuccessful appeal does not equate to a frivolous one. *See Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 88, 482 P.3d 502, 519. Under the circumstances, including Salter's status as a pro se appellant, we decline to award appellate attorney fees to Discover Health.

¶ 42     But because we affirm the judgment entered against Salter, Discover Health is entitled to its appellate costs under C.A.R.

39(a)(2), which states, "[I]f a judgment is affirmed, costs are taxed against the appellant." Discover Health may pursue those costs in the trial court by following the procedure described in C.A.R. 39(c)(2).

## IV. Disposition

¶ 43 Salter's appeal of the attorney fees and cost award in the dismissal order is dismissed, without prejudice. The judgment is affirmed.

JUDGE WELLING and JUDGE TOW concur.